### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT TALKER, | : CIVIL ACTION - LAW | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : JURY TRIAL DEMANDED | |
| | : | |
| MONROE COUNTY and STROUD | : | |
| TOWNSHIP, | : | |
| | : | |
| Defendants. | : DOCKET NO.:  3:24-cv-02118-RDM-PJC | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.    **Factual Background** …………………………………………………………1

II.   **Procedural History** ……………………………………………………...2

III.  **Questions Presented** …………………………………………………….2

IV.   **Legal Analysis** …………………………………………………………...3

    *A.*   *Standard of Review* ……………………………………………..3

    *B.*   *All claims in Plaintiff's Complaint should be dismissed, because he has failed to state a cause of action upon which relief may be granted.* …………………………………………………………...4

        1.   Plaintiff has failed to state a claim for a violation of the Clean Water Act. …………………………………………………..5

        2.   Plaintiff has failed to state a claim for a violation of Pennsylvania's Clean Streams Act. …………………………...7

        3.   Plaintiff has failed to state a claim under Pennsylvania's Storm Water Management Act. ……………………………………8

        4.   Plaintiff's claims for issuing building permits for houses on wetlands, grounded in the common enemy rule, and based on conversion of wetlands do not state viable causes of action. …9

        5.   Plaintiff has failed to state a claim for deprivation of Due Process under the Fourteenth Amendment. …………………………..…10

        6.   Plaintiff has failed to state a claim for First Amendment retaliation. …………………………………………………12

        7.   Plaintiff has failed to state a claim for any state law violation. …………………………………………………………..13

    *C.*   *The state law claims in Plaintiff's Complaint should be*

*dismissed because Defendant Monroe County is immune from state tort liability under the Political Subdivision Tort Claims Act.* …….…..15

D.  *The claims in Plaintiff's Complaint regarding his alleged tax appeal should be dismissed where Plaintiff has failed to exhaust administrative remedies.* …………………………………………16

E.  *Plaintiff's claims for punitive damages and attorney's fees should be dismissed where he has failed to demonstrate entitlement to either.* ……………………………………………………….…17

**V.    CONCLUSION** …………………………………………………...18

# TABLE OF AUTHORITIES

*Case Law*

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) …………………………………………..4

Beattie v. Allegheny Co., 589 Pa. 113, 907 A.2d 519 (2006) ………………….....16

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ………………………….3, 4

Crouse v. South Lebanon Tp., 668 F.Supp.2d 664 (M.D. Pa. 2009) ………………10

EQT Production Co. v. Dep't of Environmental Protection, 645 Pa. 642, 181 A.3d 1128 (2018) …………………………………………………………………………...7

Ericson v. Partis, 551 U.S. 89 (2007) …………………………………………….3

Fazio v. Fegley Oil Co., Inc., 714 A.2d 510 (Pa. Commw. 1998) …………………..9

Feingold v. Southeastern Pa. Transp. Authority, 399 Pa. Super. 15, 488 A.2d 284 (1985) ……………………………………………………………………………..17

Golen v. Union Corp., 718 A.2d 298 (Pa. Super. 1998) …………………………...14

Halchak v. Dorrance Tp. Bd. of Supervisors, 2019 WL 4795650 (M.D. Pa. Sep. 30, 2019) ……………………………………………………………………………...10

In re Wright, 223 B.R. 886 (Bankr. E.D. Pa. 1998) …………………………………3

Krentz v. Consolidated Rail Corp., 589 Pa. 576, 910 A.2d 20 (2006) ……………..13

Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Universal Practical Knowledge, 102 A.3d 501 (Pa. Super. 2014) …………………………………………………...13

Lower Susquehanna Riverkeeper v. Keystone Protein Co., 520 F.Supp.3d 625 (M.D. Pa. 2021) ……………………………………………………………………………...5

Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2013) ………………….....3

Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454 (3d Cir. 2015) …………………..12

Rhodes v. Lancaster Parking Auth., 103 Pa. Commw. 303, 520 A.2d 122 (1987) ........................................................................................................................15

*Statutes, Restatements, and Rules*
Clean Streams Act, 35 P.S. § 691 *et seq.* ………………………………………………7

Clean Water Act, 33 U.S.C. § 1251 *et seq.* …………………………………………5

Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8542 ………………………..15

Restatement (Second) of Torts § 158 …………………………………………...13

Storm Water Management Act, 32 P.S. § 680.3 ………………………………….8

## I.     FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges that he purchased a residential property located at 1196 Mazetti Road, Stroudsburg, PA approximately three years ago. (Doc. No. 1 at ¶ 6). He alleges that his property includes a stream known as Big Meadow Run. (Id.).

Plaintiff alleges that his property has been subject to recurrent flooding as a result of the Big Meadow Run stream and additional streams that have developed behind his property in a wetland area owned by another Stroudsburg resident, as well as runoff water diverted to the property from new developments on wetlands at the end of Mazetti Road and nearby Wedgewood Lake Drive. (Id. at ¶¶ 7-9). He alleges that this recurrent flooding has necessitated the removal of debris and fallen trees, repairs to an internal garage, and the construction of an external garage. (Id. at ¶¶ 7, 11). He further alleges that the flooding and resultant standing water following flooding episodes have caused weed proliferation, mosquito infestations, bacterial infections, pest infestations, soil erosion, runoff complications, driveway cracking, and ineffective lawn treatments. (Id. at ¶ 13). Finally, he alleges that the well water on the property is contaminated and unsuitable for drinking without proper treatment, potentially due to the construction on wetland areas nearby. (Id. at ¶ 14).

Plaintiff alleges that his property value increased due to the improvements made in response to the above-referenced damage and that he therefore filed an appeal of property tax assessments with an unidentified Defendant on June 14, 2024. (Id. at ¶ 16). He alleges that the unidentified Defendant failed to process the appeal, citing a procedural requirement for a waiver. (Id. at ¶ 17). He alleges that he submitted the requested waiver on September 10, 2024 but that the unidentified Defendant still refused to process the appeal. (Id. at ¶ 18).

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint with this Court on December 10, 2024. (Doc. No. 1). Undersigned counsel filed an Entry of Appearance on January 7, 2025 and shortly thereafter filed a Waiver of Service of Summons. (Doc. Nos. 6, 10). Defendant Monroe County filed a Motion to Dismiss Plaintiff's Complaint on February 18, 2025. (Doc. No. 18).

## III.    QUESTIONS PRESENTED

1.    Whether all claims in Plaintiff's Complaint should be dismissed where he has failed to state a cause of action upon which relief may be granted.

**SUGGESTED ANSWER:** Yes.

2.    Whether the state law claims in Plaintiff's Complaint should be dismissed where Defendant Monroe County is immune from state tort liability under the Political Subdivision Tort Claims Act.

**SUGGESTED ANSWER:** Yes.

2

3.     Whether the claims in Plaintiff's Complaint regarding his alleged tax appeal should be dismissed where Plaintiff has failed to exhaust administrative remedies.

**SUGGESTED ANSWER:** Yes.

4.     Whether Plaintiff's claims for punitive damages and attorney's fees should be dismissed where he has failed to demonstrate entitlement to either.

**SUGGESTED ANSWER:** Yes.

## IV.   LEGAL ANALYSIS

### A.   *Standard of Review*

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the Complaint must provide the Defendant with fair notice of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although Plaintiff is *pro se* and his pleadings are construed liberally, such status does not excuse Plaintiff from the rules of civil procedure. In re Wright, 223 B.R. 886, 893 (Bankr. E.D. Pa. 1998). *Pro se* litigants still must allege sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

When considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true all factual allegations. See Ericson v. Partis, 551 U.S. 89, 94 (2007). "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed

factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Legal conclusions without factual support are not entitled to the assumption of truth. *See* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). The Court must dismiss the Complaint if Plaintiff fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

  B.  *All claims in Plaintiff's Complaint should be dismissed, because he has failed to state a cause of action upon which relief may be granted.*

  Plaintiff's Complaint contains twelve claims for relief against Defendants Monroe County and Stroud Township, including: Count I- Violation of the Clean Water Act; Count II- Violation of Pennsylvania Clean Streams Act; Count III- Pennsylvania's Storm Water Management Act; Count IV- Issuing Building Permits for houses on wetlands; Count V- Pennsylvania "common-enemy rule"; Count VI- Conversion of Wetlands; Count VII- Violation of Due Process (Fourteenth Amendment); Count VIII- Retaliation (First Amendment); Count IX- State Law Violation; Count X- Negligence; Count XI- Trespass; Count XII- Nuisance. (Doc.

No. 1, *generally*). However, for the reasons set forth below, he has failed to adequately state a cause of action on any of these bases.

    1. <u>Plaintiff has failed to state a claim for a violation of the Clean Water Act.</u>

  The Clean Water Act, 33 U.S.C. § 1251 *et seq.*, "is the United States' primary federal law governing water pollution." <u>Lower Susquehanna Riverkeeper v. Keystone Protein Co.</u>, 520 F.Supp.3d 625, 629 (M.D. Pa. 2021). In order to demonstrate standing to bring a claim under the Act, a plaintiff must provide factual allegations to support that he has suffered "an actual or threatened 'injury in fact' that is fairly traceable to the challenged action by the defendant and is likely to be redressed by a favorable decision." <u>Id.</u> at 632 (*citing* <u>Friends of the Earth, Inc. v. Laidlaw Entl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). The traceability of the challenged action to the alleged injury "'may be established by showing that a defendant has 1) discharged some pollutant in concentrations greater than allowed by its permit 2) into a waterway in which the plaintiffs have an interest that is or may be adversely affected by the pollutant and that 3) this pollutant causes or contributes to the kinds of injuries alleged by the plaintiffs.'" <u>Id.</u> at 632-33 (*quoting* <u>Pub. Interest Research Grp. of New Jersey, Inc. v. Powell Duffryn Terminals Inc.</u>, 913 F.2d 64, 72 (3d Cir. 1990)).

  Here, Plaintiff alleges that "[t]he defendants permitted construction activities and runoff management practices that resulted in the contamination and

mismanagement of water affecting the plaintiff's property" and that "[a]lleged failure by city and its water and sewer authority to enforce ordinances in connection with discharge of storm water from municipal separate storm sewer system did violate terms of city's National Pollution Discharge Elimination System (NPDES) permit, in violation of Clean Water Act." (Doc. No. 1 at ¶ 21). However, not only does Plaintiff fail to identify which section of the Clean Water Act his claims arise under, he also fails to identify which Defendant, as between Monroe County and Stroud Township, took the challenged action. Plaintiff does not identify any particular construction activities or runoff management practices that resulted in his alleged injury, nor does he specify which ordinances have allegedly been violated or the terms of the NPDES permit which were violated. In fact, Plaintiff does not even identify a single pollutant which has allegedly entered any waterway on his property by virtue of any Defendant's conduct. Plaintiff simply states that "[i]t seems Monroe County and Stroud Township government are solely responsible." (Id. at ¶ 22). Such allegations are insufficient to place Defendant on notice of the claims against which it must defend.

As such, Plaintiff has failed to state a claim under the Clean Water Act, and the same should be dismissed.

2.    <u>Plaintiff has failed to state a claim for a violation of Pennsylvania's Clean Streams Act.</u>

Pennsylvania's Clean Streams Act, 35 P.S. § 691 *et seq.*, generally prohibits the release of industrial waste and other contaminants into any waters of the Commonwealth. <u>EQT Production Co. v. Dep't of Environmental Protection</u>, 645 Pa. 642, 645, 181 A.3d 1128, 1130 (2018).

Like above, Plaintiff fails to identify which provisions of the Clean Streams Act his claims are based on, as well as which Defendant allegedly took the challenged action. He generally alleges that "[t]he defendants' actions have violated state regulations designed to protect water quality and manage water resources" without explaining what actions were taken, who took them, and what regulations were violated. He further fails to allege that any pollutant or contaminant was released into any waterway subject to the Clean Streams Act. Plaintiff recognizes the inadequacy of this cause of action, noting that "[f]urther documentation will be sought through subpoenas to substantiate and validate this count." (Doc. No. 1 at ¶ 28). This type of vague assertion, unsupported by factual allegations, is insufficient to proceed beyond this stage of litigation.

As such, Plaintiff has failed to state a claim under Pennsylvania's Clean Streams Act, and the same should be dismissed.

3.    <u>Plaintiff has failed to state a claim under Pennsylvania's Storm
Water Management Act.</u>

Pennsylvania's Storm Water Management Act's general purposes are to
"[e]ncourage planning and management of storm water runoff in each watershed
which is consistent with sound water and land use practices"; to "[a]uthorize a
comprehensive program of storm water management designed to preserve and
restore the flood carrying capacity of Commonwealth streams; to preserve to the
maximum extent practicable natural storm water runoff regimes and natural course,
current and cross-section of water of the Commonwealth; and to protect and
conserve ground waters and ground-water recharge areas"; and to "[e]ncourage
local administration and management of storm water consistent with the
Commonwealth's duty as trustee of natural resources and the people's
constitutional right to the preservation of natural, economic, scenic, aesthetic,
recreational and historic values of the environment." 32 P.S. § 680.3.

As with his other claims, Plaintiff fails to identify which provision of the
Storm Water Management Act has been violated or which Defendant allegedly
violated it. He vaguely avers that "[w]ater floods caused by increased storm water
runoff onto the plaintiff's property following permits to build new houses in a
higher elevation and on areas that were considered wet-lands allowing negligent
construction and failure to maintain, nuisance, and trespass to land by alteration of
surface and subsurface drainage." (Doc. No. 1 at ¶ 29). However, he fails to

identify the specific permits or construction projects at issue, nor any other facts that would permit Defendant to evaluate the grounds of this claim.

As such, Plaintiff has failed to state a claim under Pennsylvania's Storm Water Management Act, and the same should be dismissed.

        4.    <u>Plaintiff's claims for issuing building permits for houses on wetlands, grounded in the common enemy rule, and based on conversion of wetlands do not state viable causes of action.</u>

Plaintiff does not identify, nor does there appear to be, an actionable basis for his claim for issuing building permits for houses on wetlands, contained in Count IV of his Complaint. Plaintiff identifies no case law, statute, or regulation to support this claim. The same is true of Plaintiff's claim for conversion of wetlands in Count VI.

Moreover, the common enemy rule is not an independent cause of action. Rather, it describes a doctrine relevant to the "duty and liability of a landowner with respect to surface water running over his property" and stands for the proposition that "'an owner of higher land [is] under no liability for damages to an owner of lower land caused by water which naturally flows from the one level to the other… [and can] improve his and by regrading it or erecting buildings thereon, without legal responsibility for any consequent diversion of surface waters from his property to that of adjoining owners, it being recognized that changes or alterations in the surface may be essential to the enjoyment of his property.'" <u>Fazio</u>

v. Fegley Oil Co., Inc., 714 A.2d 510, 512 (Pa. Commw. 1998) (*quoting* LaForm v.

Bethlehem Tp., 346 Pa. Super. 512, 499 A.2d 1373 (1985)).

Even notwithstanding the foregoing, Counts IV, V, and VI of Plaintiff's

Complaint fail to identify a single factual assertion relevant to the instant litigation,

instead offering mere statements of law and conclusory notes about how disputes

in this context generally arise. As such, Plaintiff has failed to state a viable cause of

action under any of these Counts, and all should be dismissed.

5.    Plaintiff has failed to state a claim for deprivation of Due
          Process under the Fourteenth Amendment.

"To prevail on a procedural due process claim, a plaintiff must demonstrate

that a liberty or property interest was taken in a procedurally deficient manner."

Crouse v. South Lebanon Tp., 668 F.Supp.2d 664, 674 (M.D. Pa. 2009) (*citing* Bd.

of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 33

L.Ed.2d 548 (1972); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). More

specifically, a plaintiff must establish: "(1) that the defendant was acting under

color of state law; (2) that the defendant deprived him of a property interest; and

(3) the state procedures for challenging the deprivation did not satisfy the

requirements of procedural due process." Halchak v. Dorrance Tp. Bd. of

Supervisors, 2019 WL 4795650, at *2 (M.D. Pa. Sep. 30, 2019) (*quoting* Sutton v.

Chanceford Tp., 2016 WL 7231702, at *10 (M.D. Pa. Dec. 14, 2016), *Ff'd*, 763 F.

App'x 1186 (3d Cir. 2019) (*quoting* Midnight Sessions, Ltd. v. City of Phila., 945

10

F.2d 667, 680 (3d Cir. 1991) (overruled on other grounds by United Artists Theatre

Circuit v. Tp. of Warrington, 316 F.3d 392 (2003)))).

"In order to state a claim for failure to provide due process, a plaintiff must

have taken advantage of the processes that are available to him or her, unless those

processes are unavailable or patently inadequate." Id. (quoting Alvin v. Suzuki,

227 F.3d 107, 116 (3d Cir. 2000)). As such, there can be no procedural due process

violation where the Commonwealth "has made procedural protection available and

the plaintiff has simply refused to avail himself of" it. Id.

Plaintiff here claims that an unidentified Defendant refused to process his

tax assessment appeal, despite the submission of the required waiver, and that he

was thus "denied the opportunity to present evidence and argue the merits of the

tax appeal." (Doc. No. 1 at ¶¶ 40, 41). However, a review of the exhibits attached

to Plaintiff's Complaint reveals that the Board of Assessment Revision provided

him an opportunity to present his appeal and that he failed to appear at the

specified date and time, thus resulting in his appeal being deemed abandoned. (Id.

at Ex. 19). As such, the Board made procedural protections available to Plaintiff,

and he refused to avail himself of it.

In light of the foregoing, Plaintiff's procedural Due Process claim should be

dismissed.

6.    <u>Plaintiff has failed to state a claim for First Amendment retaliation.</u>

To state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that his activity was "(1) protected conduct under the First Amendment that (2) was a substantial and motivating factor in the alleged retaliatory action." <u>Munroe v. Cent. Bucks Sch. Dist.</u>, 805 F.3d 454, 466 (3d Cir. 2015) (*quoting* <u>Dougherty v. Sch. Dist. of Phila.</u>, 772 F.3d 979, 986 (3d Cir. 2014)).

Plaintiff vaguely alleges that an unidentified Defendant "engaged in retaliatory conduct after Plaintiff raised the possibility of legal action" including "unreasonable delays and other obstructive actions that further hindered the appeals process." (Doc. No. 1 at ¶¶ 42, 43). Not only does Plaintiff again fail to identify which Defendant took the challenged action, but he also fails to identify precisely what the challenged action is. He does not specify how or when any Defendant unreasonably delayed his tax assessment appeal, nor does he describe the alleged "other obstructive actions" that hindered the appeal. To the contrary, as described above, the exhibits attached to Plaintiff's Complaint establish that his own failure to appear resulted in his appeal being deemed abandoned. (<u>Id.</u> at Ex. 19). Under such circumstances, Plaintiff cannot demonstrate that any Defendant took retaliatory action against him.

As such, Plaintiff has failed to state a claim for First Amendment retaliation, and the same should be dismissed.

7.    Plaintiff has failed to state a claim for any state law violation.

Count IX of Plaintiff's Complaint alleges that "Defendant's failure to process the appeal violates Pennsylvania law governing property tax assessment appeals, specifically [Insert Relevant Statue or Regulation]." (Doc. No. 1 at ¶ 44). As such, this claim fails to identify any actionable legal basis and must fail.

Moreover, Plaintiff's claims for negligence, trespass, and nuisance are conclusory and lack any supporting factual allegations. It is well-established in Pennsylvania that "[a] *prima facie* negligence claim requires the plaintiff to show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consolidated Rail Corp., 589 Pa. 576, 588, 910 A.2d 20, 28 (2006) (*citing* Phillips v. Cricket Lighters, 576 Pa. 644, 841 A.2d 1000, 1008 (2003)). It is equally well-established that a defendant is liable for trespass if he intentionally "(a) enters land in the possession of another or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." Restatement (Second) of Torts § 158; Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Universal Practical Knowledge, 102 A.3d 501, 506 (Pa. Super.

13

2014). Finally, a private nuisance is defined as "a nontrespassory invasion of another's interest in the private use and enjoyment of land." Golen v. Union Corp., 718 A.2d 298, 300 (Pa. Super. 1998).

As to his negligence claim, Plaintiff fails to allege any duty owed to him by Defendant Monroe County or specify how Defendant breached any such duty, instead stating simply that "[t]he defendants failed to exercise reasonable care in managing water runoff and permitting construction, leading to the plaintiff's damages." (Doc. No. 1 at ¶ 44). As to his trespass claim, Plaintiff does not allege that Defendant Monroe County has physically intruded upon his property, instead stating conclusively that "[t]he diversion of water onto the plaintiff's property constitutes an unlawful intrusion, causing damage to the property." (Id. at ¶ 45). As to his private nuisance claim, Plaintiff fails to identify any particular actions taken by Defendant Monroe County or specify how they have deprived him of the use and enjoyment of his land, again merely averring that "[t]he defendants' actions have created a persistent nuisance, significantly interfering with the plaintiff's use and enjoyment of the property." (Id. at ¶ 46). In short, Plaintiff fails to plead the necessary elements of any of these state tort claims.

As such, Plaintiff has failed to state a claim for either negligence, trespass, or nuisance, and each of these claims should be dismissed.

    C.    *The state law claims in Plaintiff's Complaint should be dismissed because Defendant Monroe County is immune from state tort liability under the Political Subdivision Tort Claims Act.*

The Political Subdivision Tort Claims Act ("PSTCA") provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person" absent the existence of specific circumstances. 42 Pa. C.S. § 8542. Namely,

(a) *Liability imposed*. – A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

    (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

    (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct.

42 Pa. C.S. § 8542(a). In other words, a party seeking to recover under section 8542 must meet two distinct requirements. Rhodes v. Lancaster Parking Auth., 103 Pa. Commw. 303, 520 A.2d 122 (1987), *allocatur denied*, 529 A.2d 1084 (1987). First, the party must show that they possess a common law or statutory cause of action against the local agency pursuant to section 8542(a). Second, the allegedly

negligent act must fall under one of the nine exceptions to governmental immunity as set forth in section 8542(b) of the Judicial Code, 42 Pa. C.S. § 8542(b). These exceptions concern situations involving vehicle liability; the care, custody, or control of personal property; real property (specifically "[t]he care, custody or control of real property in the possession of the local agency"); trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; the care, custody, or control of animals; or sexual abuse. 42 Pa. C.S. § 8542(b).

Plaintiff's claims do not fall within any of the PSTCA's enumerated exceptions to immunity. While his claims allege injury resulting from damage to real property, said real property was at no time in Defendant's possession or control.

As such, Defendant is immune from Plaintiff's state law claims, and the same should be dismissed.

D. *The claims in Plaintiff's Complaint regarding his alleged tax appeal should be dismissed where Plaintiff has failed to exhaust administrative remedies.*

In order for a court to exercise equity jurisdiction over a tax assessment appeal, a plaintiff must satisfy a two-part test: "the [plaintiff] must (1) raise a substantial constitutional issue, and (2) lack an adequate remedy through the administrative appeal process." Beattie v. Allegheny Co., 589 Pa. 113, 122, 907 A.2d 519, 524-25 (2006). Here, for the reasons described in Sections B(5) and (6),

above, Plaintiff fails to raise a substantial constitutional issue. Moreover, Plaintiff

fails to demonstrate that he lacks an adequate remedy through the administrative

appeal process. In fact, the exhibits attached to Plaintiff's pleadings illustrate that

partook in the available remedial process, *i.e.* filing a tax assessment appeal with

the Board of Assessments, and that his own failure to appear at the scheduled date

and time resulted in the deemed abandonment of his challenge. (Doc. No. 1 at Ex.

19).

    As such, Plaintiff has failed to exhaust his available administrative remedies,

and his claims regarding his tax assessment appeal should be dismissed.

    E.    *Plaintiff's claims for punitive damages and attorney's fees*
          *should be dismissed where he has failed to demonstrate entitlement to*
          *either.*

Punitive damages are not recoverable against municipal entities absent

legislative authority. *See* Feingold v. Southeastern Pa. Transp. Authority, 399 Pa.

Super. 15, 27, 488 A.2d 284, 291 (1985) (*citing* Hermits of St. Augustine v. Co. of

Phila., 4 Clark 120, 7 Pa.L.J. 124 (1847)). This is because the role of punitive

damages as a punishment or deterrent has been deemed inapplicable against

municipal defendants, where taxpayers, rather than the individual actors involved,

are likely to shoulder the cost of the award. Id. As such, given that Defendant here

is a municipality, and no employee has been identified as acting outside the scope

17

of her employment with regard to any claim contained in Plaintiff's Complaint,

Plaintiff's claim for punitive damages should be dismissed.

Further, Plaintiff provides no statutory or other legal support for his request

for attorney's fees in this matter. For the reasons provided throughout this brief in

support, Plaintiff is unlikely to be a prevailing party and is not otherwise entitled to

attorney's fees. As such, his request for the same should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, all claims in Plaintiff's Complaint should be

dismissed with prejudice.

MARSHALL DENNEHEY, P.C.

By: _____
    Mark J. Kozlowski, Esquire
    Attorney I.D. No:  PA 308676
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600
    MJKozlowski@mdwcg.com

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with the Local Rule 7.8(b). The brief contains 4,114 words.

MARSHALL DENNEHEY, P.C.

By: _____

Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
MJKozlowski@mdwcg.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT TALKER, | : CIVIL ACTION - LAW |
| | : |
| Plaintiff | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| MONROE COUNTY and STROUD TOWNSHIP, | : |
| | : |
| | : |
| Defendants. | : DOCKET NO.:  3:24-cv-02118-RDM-PJC |

## CERTIFICATE OF SERVICE

I, Mark J. Kozlowski, Esquire, hereby certify that on <u>March 4, 2025</u>, I

served a true and correct copy of <u>Defendant Monroe County's Brief in Support of</u>

<u>Motion to Dismiss Plaintiff's Complaint</u> via CM/ECF, upon the following:

Albert Talker[1]
1196 Mazzetti Road
Stroudsburg, PA  18360

Philip J. Sbrolla, Esquire
Post & Schell,  P.C.
One Oxford Centre, Suite 3010
301 Grant Street
Pittsburgh, PA  15219

Respectfully submitted,
MARSHALL DENNEHEY, P.C

By: _____
Mark J. Kozlowski, Esquire
*Counsel for Defendant Monroe County*

---

[1] Plaintiff, *pro se*, appears to be a registered CM/ECF user. As such, ECF filing is sufficient for service of court filings.

20